**Eugenio VARGAS–GARCIA, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–71821, A73–809–614.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Robert F. Jacobs, Esq., Law Offices of Robert F. Jacobs, PLC, Downey, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Esq., Andrew C. MacLachlan, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Eugenio Vargas–Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the immigration judge's ("IJ") denial of his application for cancellation of removal.

We lack jurisdiction to review the BIA's discretionary determination that petitioner failed to demonstrate the requisite "exceptional and extremely unusual hardship" pursuant to 8 U.S.C. § 1229b(b)(1)(D). *See id.* § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir. 2003).

Petitioner's contention that the BIA denied him due process first by failing to issue a decision clarifying "exceptional and extremely unusual hardship" for four years after Congress inserted the term into the statute, and second by refusing to remand his case to the IJ to review the evidence under the new standard for "exceptional and extremely unusual hardship" announced in *Matter of Monreal,* 23 I. & N. Dec. 56 (BIA 2001), does not raise a colorable due process challenge. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity"); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

PETITION FOR REVIEW DISMISSED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.